UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN M. MITCHELL,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CA,<br><br>Respondent. | Case No. 20-04294 BLF (PR)<br><br>**ORDER TO SHOW CAUSE** |

      Petitioner, a California inmate, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction out of Alameda County Superior Court. Dkt. No. 1. The Court dismissed the matter for failure to pay the filing fee and entered judgment the same day. Dkt. Nos. 3, 4. Subsequently, Petitioner paid the filing fee, Dkt. No. 5, and an amended petition. Dkt. No. 6. In the interest of justice, the Court construed the filings as a request for reconsideration and reopened the action. Dkt. No. 7. The Court will proceed with an initial review of the amended petition, which is the operative petition in this matter.

///

///

///

# DISCUSSION

## I. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II. Analysis

Petitioner claims the following grounds for habeas relief: (1) the trial court violated his right to effective assistance of counsel by significantly restricting counsel's presentation of the defense theory during closing argument; (2) the trial court violated his rights to due process, a fair trial, and compulsory process by restricting his expert's testimony on palm print examination; (3) the trial court erred in instructing the jury erroneously on the mens rea element of human trafficking; (4) the trial court erred by failing to instruct the jury included offense; (5) cumulative prejudice; (6) the trial court erred by failing to stay part of the sentence; (7) sentencing error in imposition of appropriate term; and (8) denial of presentence conduct credits. Dkt. No. 6 at 7-8. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

# CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of

California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: __May 7, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order to Show Cause
PRO-SE\BLF\HC.20\04294Mitchell_osc

3